IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  Cause No. 3:17-CR-33-SA-RP-7

STEPHANIE DYSON  DEFENDANT

ORDER

The Defendant, proceeding *pro se*, has filed a Motion for Judicial Recommendation [301], Motion for Credit for Time Served [305], Motion for Status Update [319], Motion for Reconsideration of Post-Sentencing Rehabilitation Programming [320], Motion for Jail Credit Nunc Pro Tunc [318], Motion for Credit for Time Served [328], and Motion to Recommend Community Corrections Center Placement [339]. The Court will address the Motions in turn.

In the Motion for Judicial Recommendation [301], the Defendant asks the Court to recommend that she be placed in a halfway house. The Court notes that, while the sentencing court may make a recommendation, the Bureau of Prisons is ultimately responsible for the determination of a prisoner's place of imprisonment. See 18 U.S.C. § 3621(b). The Court recognizes that BOP is in the best position to determine the most appropriate location for the Defendant to serve the remainder of her imprisonment term and trusts that BOP will place the Defendant in the most suitable facility. The Motion [301] is DENIED.

In her Motion for Credit for Time Served [305], the Defendant challenges BOP's computation of the amount of time which she has been in custody. This, again, is a function of BOP, and the Court therefore declines to address the request. *See U.S. v. Walker*, 917 F.3d 989, 993 (7th Cir. 2019) ("[I]t is the Attorney General, acting through the BOP, and not the sentencing court, that computes the credit due under § 3585(b).") (internal citations omitted); *see also Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Only the Attorney General, through the BOP, may

compute a prisoner's credits."); *U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) ("[T]he district court had no authority to order the BOP to give [the defendant] the credit because that authority rests exclusively with the BOP."). The Motion [305] is DENIED.[1]

The Defendant also filed a Motion for Reconsideration of Post-Sentencing Rehabilitation Programming [320]. In this Motion, the Defendant requests that the Court modify her sentence because she has engaged in various post-conviction programs. While the Defendant's completion of various programs is noteworthy, it does not entitle the Defendant to a modification of her sentence. See *U.S. v. McCallister*, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020) (quoting *Dillon v. U.S.*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)) ("A judgment of conviction, including a sentence of imprisonment, 'constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" ). The Motion [320] is DENIED.

In her remaining Motions [318, 328, 339], the Defendant essentially makes the same arguments addressed above. Specifically, she requests that the Court grant her credit for certain time she was in custody. Again, this is a function of BOP, not this Court. *See*, *e.g.*, *Pierce*, 614 F.3d 158. She also requests that the Court recommend that she be placed in a community corrections center. The Court finds that BOP is in the best position to determine whether such placement is appropriate. The remaining Motions [318, 328, 339] are DENIED.

SO ORDERED, this the 16th day of November, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] The Defendant also filed a Motion for Status Update [319]. The Motion [319] requests no particular relief outside of the arguments made in the other various Motions addressed herein. The Motion for Status Update [319] is therefore DENIED.